Wood, J.
Whether the first assignment for error is sustainable or not depends entirely on the inquiry, whether the cause of action was within tho jurisdiction of a justice of. tho peace. Tf it were, as the damages recovered are less than $100, the plaintiff, by statute, is prohibited expressly from a judgment of costs.
Was the cause of action within such jurisdiction? It is provided by statute that a justice of the peace shall have no jurisdiction where the title to lands and tenements may be drawn in question except in trespass. Swan’s Stat. 525.
The language of the statutes previously, and up to 1824, is different in form, though, perhaps, not in substance. The words *41 are, “where the title to land is drawn in question,” the jurisdiction of the justice is excluded. It was, doubtless, the intention of the legislature to use the verbs “maybe” in the act nowin force, in the same sense precisely that the verb “ is ” was employed in former acts. It could never have been designed to givo a defendant the option to oust the justice of jurisdiction in small suits for rent, for not making repairs on notes, bonds, or bills given for real property, and many other cases which might be supposed, because a defendant, with no merits, but solely to defeat a plaintiff, might set up, in bar, that he had no title to the land conveyed. In 4 Ohio, 21, this court say: “Certainly a matter so important as the jurisdiction of a court ought to have some rule of general application, and not be left in the power of a party, at any time, to preserve or destroy it.” The rule is this, as wo understand it: Where the plaintiff, in order to sustain his case, is compelled, in the firat instance, to prove certain facts, or to disprove them, and those facts, or either of them, is title to lands or tenements, the jurisdiction is excluded, except in trespass; but where it is unnecessary for the plaintiff to introduce such proof, the defendant can not, by its introduction, take away the jurisdiction.
* Another provision in the same statute, in like manner ex-eludes the jurisdiction of a justice in actions on contracts for real estate. Swan’s Stat. 525, see. 106. And it is contended the instrument declared upon, comes at least within the one or the other of these provisions. A contract for real estate, in the sense in which the words aro used in their ordinary acceptation, would mean some bargain or agreement for the purchase or conveyance of real property, or,, at most, some chattel real, or some interest in, or growing out of them. A contract to clear land, to repair a tenement, to build a house, to leave a farm in good condition, are all contracts for labor to be done on real estate, but not for the real estate itself, and are not, therefore, excepted from the jurisdiction of a justice. It can not, certainly, with any propriety, be claimed that a covenant to surrender up the land of A., in good tenantable repair, is a covenant for the land of A., or any interest in it, unless the meaning of language is most strangely perverted; and it is a reasonable inference that the legislature know at least the ordinary meaningof words, and employ them in thatsense. Wo therefore come to the conclusion, the jurisdiction of a justice was no; *42 excluded in the case before us, by either of the statutory provisions, and that the judgment for costs is erroneous.
The other assignments for error may be disposed of with few words. The instrument declared upon is not, in fact, described in the declaration as a lease, but as a covenant to lease, on the part of Wells, and a covenant to- surrender up and leave in good tenantable repair, by the Bridgmans. As a lease, the instrument is invalid for the want of an acknowledgment, and another witness. It passed no term to the defendants below. It was defective by reason of its improper execution. If, however, the defendants entered and enjoyed the term, as the testimony clearly proved, their covenant was a valid personal covenant to surrender up the possession in good tenantable repair; and there is no substantia! variance in the legal effect, between the instrument declared upon as a personal covenant and the one set out in the bill of exceptions. *It follows that it was properly admitted to go to the jury.
The parol evidence was likewise legally received to prove the entry and enjoyment of the defendants. As the lease was defective to pass the term, neither the covenant to pay rent, nor surrender the possession were of any obligation without such proof, but with it, they were both .valid, and could be enforced.
The instruction to the jury, prayed for, would not, under the evidence, have been the law of the case, and was properly refused.
The judgment of the Supreme Court, quoad the damages, must be affirmed.
Judgment reversed as to costs, and affirmed as to the residue.